# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

NATIONAL LABOR RELATIONS BOARD :

                  :    No.

           Petitioner     :

                  :

         v.            :

                  :    Board Case No.

OAK HOLLOW OF GEORGETOWN    :    10–CA–313114

REHABILITATION CENTER, LLC      :

                  :

         Respondent     :

## APPLICATION FOR SUMMARY ENTRY OF A JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

To the Honorable, the Judges of the United States
     Court of Appeals for the Fourth Circuit:

The National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, as amended (29 U.S.C. §§ 151, 160(e)), applies to this Court for summary entry of a judgment enforcing its order against Oak Hollow of Georgetown Rehabilitation Center, LLC ("Respondent"). The Board is entitled to summary enforcement of its order because Respondent failed to respond to the Board's Notice to Show Cause and the Board entered an order by default. In support, the Board shows:

## A. Jurisdiction of this Court

This Court has jurisdiction over this application under Section 10(e) of the Act (29 U.S.C. § 160(e)). Venue is proper in this Circuit because the unfair

2

labor practices occurred in South Carolina. The Board's final order issued on March 25, 2026, and is reported at 374 NLRB No. 75.

### B. Proceedings Before the Board

1. From March 1, 2023 to November 13, 2024, the United Steel, Paper, and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (Union) filed a series of charges alleging that Respondent violated Section 8(a)(5) and (1) of the Act (29 U.S.C. § 158(a)(5) & (1)). The Respondent and the Union subsequently entered into an informal settlement agreement, which the Regional Director for Region 10 approved on February 21, 2025.

2. Pursuant to the terms of the settlement agreement, the Respondent agreed to take certain affirmative actions including recognizing and, on request, bargaining with the Union, providing information to the Union, and posting a Notice to Employees. The settlement agreement contained the following provision in the event of non-compliance:

> The Charged Party agrees that in case of non-compliance with any of the terms of this Settlement Agreement by the Charged Party, and after 14 days' notice from the Regional Director of the National Labor Relations Board of such non-compliance without remedy by the Charged Party, the Regional Director will issue a Complaint that includes the allegations covered by the Notice to Employees, as identified above in the Scope of Agreement section, as well as filing and service of the charge(s), commerce facts necessary to establish Board jurisdiction, labor organization status, appropriate bargaining unit (if applicable), and any other allegations the General Counsel

3

would ordinarily plead to establish the unfair labor practices. Thereafter, the General Counsel may file a Motion for Default Judgment with the Board on the allegations of the Complaint. The Charged Party understands and agrees that all of the allegations of the Complaint will be deemed admitted and that it will have waived its right to file an Answer to such Complaint. The only issue that the Charged Party may raise before the Board will be whether it defaulted on the terms of this Settlement Agreement. The General Counsel may seek, and the Board may impose, a full remedy for each unfair labor practice identified in the Notice to Employees. The Board may then, without necessity of trial or any other proceeding, find all allegations of the complaint to be true and make findings of fact and conclusions of law consistent with those allegations adverse to the Charged Party on all issues raised by the pleadings. The Charged Party agrees that the Board may then issue an order providing, as elected by the Regional Director, a full remedy for the violations found as is appropriate to remedy such violations, and/or an order requiring the Charged Party to perform terms of this settlement agreement as specified by the Regional Director. The parties further agree that a U.S. Court of Appeals Judgment may be entered enforcing the Board order ex parte, after service or attempted service upon Charged Party/Respondent at the last address provided to the General Counsel.

3.     By letter dated February 25, 2025, the Region sent the Respondent a conformed copy of the approved settlement agreement along with a cover letter describing the steps to be taken to comply with the agreement and requesting it certify its compliance with the settlement agreement terms by March 11, 2025.

4.     By email dated March 31, 2025, the Region notified the Respondent that it had failed to provide the information noted in the agreement and requested that the required compliance documents be submitted by April 7, 2025.

4

5.     By letter dated April 10, 2025, the Region notified Respondent that if evidence of compliance with the settlement agreement was not provided by April 24, 2025, the Region would issue a complaint and Notice of Hearing.

6.     The Respondent did not respond and did not comply.

7.     Pursuant to the non-compliance provision of the settlement agreement, on June 4, 2025, the Acting Regional Director issued a complaint.

8.     The Respondent did not file an answer.

9.      On February 6, 2026, the General Counsel filed a Motion for Default Judgment with the Board.  On February 18, 2026, the Board issued an order transferring the proceeding to the Board and a Notice to Show Cause, giving Respondent until March 4, 2026, to file with the Board a response to the Motion for Default Judgment.

10.     Respondent did not respond.  Accordingly, the allegations in the motion were undisputed.

11.     In the absence of a response and pursuant to the noncompliance provisions of the settlement agreement, on March 25, 2026, the Board issued its Decision and Order granting the Motion for Default Judgment and entering an appropriate order against Respondent.

### C.  The Board Is Entitled to Summary Enforcement of Its Order

On these facts, the Board is entitled to summary enforcement of its order against Respondent.  Respondent did not dispute before the Board whether it breached its settlement agreement.   Therefore, Respondent cannot dispute before this Court the Board's finding that it breached the settlement agreement.  Under Section 10(e) of the Act (29 U.S.C. § 160(e)), no objection that has not been urged before the Board shall be considered by a court of appeals "unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."  This limitation is jurisdictional and its application is mandatory. *Woelke & Romero Framing v. NLRB*, 456 U.S. 645, 666-67 (1982).

Interpreting that requirement, courts have consistently held that a Respondents' failure to assert any defense before the Board entitles the Board, absent extraordinary circumstances, to summary enforcement of its order.  *NLRB v. Pugh & Barr, Inc.*, 194 F.2d 217, 218-21 (4th Cir. 1952).  *Accord NLRB v. Continental Hagen Corp.*, 932 F.2d 828, 830 (9th Cir. 1991); *Father & Sons Lumber v. NLRB*, 931 F.2d 1093, 1095-96, 1097 (6th Cir. 1991); *NLRB v. Dane County Dairy*, 795 F.2d 1313, 1319-21 (7th  Cir. 1986); *Oldwick Materials, Inc. v. NLRB,* 732 F.2d 339, 341 (3d Cir. 1984).  No such circumstances have been alleged or shown here.

WHEREFORE, the Board respectfully requests that the Court, after serving notice of the filing of this application on Respondent, enter judgment summarily enforcing the Board's order in full.  A proposed judgment is attached.

/s/Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C.  20570

Dated in Washington, D.C.
this 14th day of May 2026

7